UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
 (973) 645-6596
June 16, 2005

## LETTER OPINION

Nadir Baptiste, 435870/280026C
East Jersey State Prison
A.C.S.U.
Lock Bag R
Rahway, New Jersey 07065

Edward S. Cooper, Esq.
731 N. Wood Ave.
Box 1430
Linden, NJ 07036

Robert F. Renaud, Esq.
Palumbo & Renaud
190 North Avenue East
Cranford, NJ 07016

Jorge Batista, Esq.
900 Westminster Avenue
Hillside, NJ 07205

Edward J. Kologi, Esq.
923 North Wood Avenue
Linden, NJ 07036

Robert F. Varady, Esq.
989 Bonnel Court
Union, NJ 07083

     **RE:**     **Baptiste v. Lt. T. Barber, et. al.**
                  **Civil No. 03-6084 (KSH)**

Dear Litigants:

This matter is before the Court on motion by plaintiff Nadir Baptiste requesting leave to file an amended complaint to add the names of several individual defendants who plaintiff designated as "John Does" in the original Complaint. For the reasons set forth below, plaintiff's motion is granted.

**PROCEDURAL HISTORY**

On December 12, 2003, the plaintiff submitted a Complaint and an application to proceed in forma pauperis alleging that defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment and violated plaintiff's "[F]irst [A]mendment right to seek redress through the grievance procedures." (See Complaint at 10.) These allegations chiefly arise out of an incident in which defendants allegedly maced, tackled, punched and stomped plaintiff for refusing to exit his cell at the Union County Jail. (See Complaint at 11.) In his Complaint, plaintiff named several defendants as "John Doe," who he described as either Internal Affairs officers or members of the Special Extraction team and whose names at the time of the filing of the Complaint were unknown to him. (See Id. at 1.)

On July 22, 2004, the Court granted plaintiff's application to proceed in forma pauperis. (Order dated July 22, 2004.) In granting the application, the Court reviewed plaintiff's allegations and determined that, under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), dismissal of the Complaint was not required at that stage of the proceedings. (Id. at 1.) Defendants filed their Answer on August 26, 2004. On October 25, 2004, the Court ordered, among other things, that the parties were to file motions to add parties and/or amend the pleadings by January 21, 2005. (Scheduling Order dated October 25, 2004.)

In his December 17, 2004 letter to the Court, plaintiff sought to compel defendants to provide him with the names of all extraction team members and the two implicated Internal Affairs officers. (Letter of Plaintiff Nadir Baptiste dated December 17, 2004.) The Court denied plaintiff's request because he failed to serve it on defendants and because he could obtain the information sought through interrogatories and/or document demands. (Order dated December 27, 2004.) The Court instead allowed a brief extension of time, until February 28, 2005, for the parties to serve interrogatories and document requests and to file motions for leave to file amended pleadings and/or to add parties. (Id.)

The plaintiff filed a motion for leave to file an amended complaint, dated February 18, 2005, to add additional parties. (Plaintiff's Notice of Motion to Amend the Complaint to Add Additional Parties dated February 18, 2005; Proposed Order.) Plaintiff stated that he moved to amend the Complaint because he had "discovered the identities of several of the defendant's [sic] named in the complaint as John Does, whom were extraction team members on the day/days that the incident occurred." (Certification in Support of Plaintiff Nadir Baptiste's Motion to Amend the Complaint dated February 18, 2005.) The plaintiff also indicated that he was "awaiting the

names of several internal affairs officers whom were involved with this incident for the purpose of naming them as defendants." (Id.)

In a letter brief, defendant Riley, joined by defendant George Lord, opposed plaintiff's motion because: (a) granting the motion would require a new scheduling order and (b) plaintiff failed to comply with Local Rule 7.1(e)(2) by not submitting a proposed amended complaint or indicating the names of the defendants he sought to add. (Letter Brief of Robert F. Renaud dated March 3, 2005; Letter of Edward J. Kologi dated March 9, 2005.) The Court denied plaintiff's motion because he failed to attach a copy of the proposed amended complaint, but allowed plaintiff until March 18, 2005 to file a motion for leave to file an amended complaint that complied with both the Federal Rules of Civil Procedure and the Local Rules. (Order dated March 3, 2005.)

By letters dated March 9, 2005 and March 15, 2005, the plaintiff requested an extension of deadlines set forth in the Court's previous orders and sought to compel defendants Kevin Burket, George Lord and T. Barber to produce, among other things, the names of the Internal Affairs officers named as "John Does" in the Complaint. (Letters of Plaintiff Nadir Baptiste dated March 9 and March 15, 2005.) Because plaintiff again failed to serve copies of his request on defendants, however, the Court denied his request to compel without prejudice. (Order dated March 22, 2005.) Nonetheless, the Court extended the deadlines to complete discovery and ordered the parties to respond to all interrogatories and document demands by April 15, 2005 and that all motions to amend the pleadings and/or add parties be filed no later than April 29, 2005. (Amended Scheduling Order dated March 22, 2005.)

In a letter dated April 16, 2005, plaintiff again asked the Court to compel these defendants to answer plaintiff's interrogatories, noting that these defendants had not answered the interrogatories by the April 15, 2005 deadline. (Letter of Plaintiff Nadir Baptiste dated April 16, 2005.) By way of order dated April 22, 2005, the Court ordered these defendants to respond to plaintiff's letter by May 3, 2005. (Order on Informal Application dated April 22, 2005.) The Court was advised that all three subject defendants forwarded their responses to interrogatories on April 25, 28, and 29, 2005, respectively, and thereafter denied plaintiff's request to compel defendants to respond to interrogatories and document demands as moot. (Order on Informal Application dated May 2, 2005.)

### *Plaintiff's Motion to Amend*

On May 5, 2005, the Court received plaintiff's Motion for Leave to File an Amended Complaint dated April 18, 2005. The plaintiff seeks to amend his Complaint because he has allegedly "discovered the identities of several of the defendant's [sic] named in the complaint as John Does, whom were extraction team members and/or Internal Affairs officers on the day/days that the incident occurred." (Certification in Support of Plaintiff Nadir Baptiste's Motion to Amend Complaint dated April 18, 2005.) Specifically, plaintiff's Proposed Amended Complaint separately lists the paragraphs he seeks to amend to reflect the addition of the names of Special

Extraction Team members Lenny Mayer, John Touris, J. Manfre, R. Rivera, and Thomas A. Taylor, and Internal Affairs Officer Donald Johnson. (See Proposed Amended Complaint.) Plaintiff does not state when or how he discovered the names of these defendants. (See Motion for Leave to File an Amended Complaint.)

### *Opposition of Defendants Barber, Burket, Lord and Riley*

By affidavit dated May 12, 2005, defendant Timothy Riley ("Riley") submitted opposition to plaintiff's motion (Affidavit in Opposition to Plaintiff's Notice of Motion to Amend Complaint), in which co-defendants Lt. T. Barber, Kevin Burket, and George Lord subsequently joined. (Letter of Edward S. Cooper dated May 26, 2005; Letter of Christopher J. Kinsella dated May 25, 2005; Letter of Edward J. Kologi dated May 17, 2005.) Defendant Riley argues that the records pertaining to the incident in question, which Riley sent to the plaintiff on December 16, 2004, included the names of the members of the extraction team who plaintiff seeks to add as named defendants. (Affidavit in Opposition to Plaintiff's Notice of Motion to Amend Complaint at 2.) Riley further argues that these team members also submitted reports, which were included in the disclosures he sent to plaintiff. (Id.) While the letter accompanying the discovery disclosures did not specifically list the members of the Special Extraction Team (Letter of Robert F. Renaud dated December 16, 2004), the names of the team members plaintiff now seeks to add appear in the incident reports appended to the letter. Defendant Riley argues that plaintiff failed to timely add these proposed defendants and "should not be permitted to amend the Complaint now, at this late date." (Affidavit in Opposition to Plaintiff's Notice of Motion to Amend Complaint at 2-3.)

Riley also alleges that plaintiff's "additional claims are frivolous " because a videotape showing the officers' extraction of plaintiff from his cell "shows no impropriety." (Id. at 3.)

Finally, Riley claims that the Proposed Amended Complaint fails to state a cause of action and demonstrates that plaintiff "attempted to dictate to the corrections officers what the jail procedures would be and . . . refused to obey orders." (Id.) Specifically, Riley argues the Proposed Amended Complaint shows plaintiff was ordered several times "to place his hands outside of the cell slots to be cuffed," and warned that, if he refused this order, "the extraction team would go in and put handcuffs on him." (Id.)

### *County of Union's Opposition*

On May 31, 2005, the County of Union ("the County"), not a party to the present matter, filed a letter in opposition to plaintiff's motion. (Letter Brief in Opposition to Plaintiff's Motion to Amend Complaint by Norman W. Albert.) The County claims that, based on Riley's affidavit, "[p]laintiff was given the names of all the defendants he now seeks to add on or about December 16, 2004," and that plaintiff "waited well over four (4) months to add these Defendants to the Complaint." (Letter of Norman W. Albert dated May 31, 2005 at 2.) The County alleges that "[p]laintiff has supplied no valid or credible reason why he could not amend his Complaint in a

timely manner." (Id. at 3.)  Additionally, the County claims that plaintiff's motion, which was filed on May 6, 2005, is beyond the April 29, 2005 deadline set by the Court in its March 22, 2005 Scheduling Order.  (Id.)  Furthermore, the County argues the amendment would result in undue prejudice to the County because it would have to hire counsel for each of the additional defendants and "expend additional taxpayer funds based on Plaintiff's frivolous claims."  (Id. at 1, 3.)  Finally, the County argues "that Plaintiff's additional claims fail to state a cause of action."  (Id.)

## DISCUSSION

**I.    RULE 16**

The County claims that plaintiff's motion to amend is untimely because it was allegedly filed after the Court-ordered April 29, 2005 deadline.  Federal Rule of Civil Procedure 16(b) provides in pertinent part that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  Fed. R. Civ. P. 16(b).  Limiting the time allowed for amendments under Rule 16 seeks to ensure certainty in pretrial proceedings.  Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000) (citation omitted).  When a motion to amend is filed after a deadline set by the Court for amending the pleadings, the moving party must show good cause in accordance with Rule 16(b) to modify the deadline and permit the late filing.  Id. at 340.  A finding that a moving party has shown "good cause" depends on that party's diligence.  Id. (citations omitted).

Here, the Court extended the deadline to amend the pleadings and/or to add parties until April 29, 2005.  The court received plaintiff's motion on May 5, 2005, seven days after the Court ordered deadline.

Pro se prisoner pleadings are deemed filed with the Court on the date on which the prisoner submitted the filing to prison authorities for mailing.  See, e.g., Smith v. Evans, 853 F.2d 155, 161 (3d Cir. 1988) (extending the pro se prisoner filing rule as held in Houston v. Lack, 487 U.S. 266, 270 (1988), which applied to notice of appeals, to Rule 59(e) motions).  The Houston court reasoned that pro se prisoners cannot take the same steps other litigants may take to ensure the court's timely receipt and stamping of their notices of appeal.  Houston, 487 U.S. at 271-72.  The court further noted that pro se prisoners cannot place their notices directly in the mail or hand deliver them, or follow their progress by calling the Court.  Id. at 271.  Indeed,

> [n]o matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time.... [h]is control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access–the prison authorities....

Id. (emphasis in original).

The same considerations apply here. Like the petitioner in Houston, the plaintiff is a pro se prisoner. Courts must give liberal construction to pro se filings. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotations omitted)). Plaintiff asserts, and it is undisputed, that he submitted the motion by handing it to prison authorities for mailing on April 18, 2005. Under Houston, therefore, plaintiff's request for leave to amend the Complaint is deemed filed April 18, 2005, and thus does not violate the Court's Scheduling Order.

## II.  RULE 15

Since plaintiff's motion to amend does not violate this Court's Scheduling Order, the Court will determine the appropriateness of granting plaintiff leave to amend under Rule 15. The plaintiff seeks to amend his Complaint to substitute the names of several defendants identified in his original complaint as "John Doe." The purpose of pleading is to bring about a proper decision on the merits of a claim, and if the underlying facts upon which the plaintiff relies might be a proper subject of relief, the plaintiff should have the opportunity to test his claims on the merits. Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, absent reasons to deny the moving party's request, "such as undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party... the leave sought should, as the rules require, be 'freely given.'" Id. Finally, the decision to grant leave to amend pleadings is generally within the discretion of the Court. Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman, 371 U.S. at 182).

Here, the defendants argue that the plaintiff had information upon which he could have sought leave to file the claims against these proposed defendants since December 2004 and he has unduly delayed filing such a complaint. The County also claims it will suffer "undue prejudice" should this Court grant plaintiff leave to amend. With regard to a party's delay in seeking to amend a complaint, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party. [citations omitted] The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted). Thus, the Court must determine if allowing the amendment would prejudice the parties or burden the Court.

### A.  Prejudice

The County claims that amendment of the Complaint would result in undue prejudice to the County as it would have to expend funds to hire lawyers for each newly named defendant.

The Court of Appeals for the Third Circuit has said that "'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Under some circumstances, the need to expend additional counsel fees alone does not constitute undue prejudice. See Adams, 739 F.2d at 869. Assuming the non-party County has standing to be heard on this motion, then arguably, if the plaintiff identified the proposed defendants in the original Complaint, the County would have been required to expend these funds and they could not object to the Complaint and seek dismissal on the ground of expense. Thus, prejudice stemming only from the possible need to expend additional counsel fees that would have been incurred had these defendants been named in the original Complaint does not alone constitute the undue prejudice that would lead the Court to deny plaintiff's motion to amend.

      **B.    Undue Delay**

Defendants and the County further argue that plaintiff's filing of a motion to amend approximately four months after the real names of several of the "John Doe defendants" became available to plaintiff constitutes undue delay. The Court of Appeals for the Third Circuit has found delay unreasonable where most of the facts were available to a plaintiff before she filed her original complaint, the plaintiff probably had all of the information available to her when she filed two previous amended complaints, and thus had numerous opportunities to correct deficiencies over a three year period but chose not to correct them. See Lorenz, 1 F.3d at 1414. The Court of Appeals for the Third Circuit has also affirmed a district court's denial of a party's request to amend a complaint to replace fictitious names with the learned real names of defendants where that Court found that the moving party was not diligent. Baker v. Monroe Township, 50 F.3d 1186 (3d Cir. 1995). In Baker, the moving party sought to amend only after the district court entered summary judgment against him in November 1993, and where he learned of the prospective defendants' real names months earlier, namely in March 1993. Id. at 1189-90. Courts are reluctant to allow plaintiffs to amend to put forth new theories of liability once summary judgment arguments have been completed. Laurie v. National Passenger Railroad Corp., No. CIV.A.03-2041, 2004 WL 1661831, at *4 (3d Cir. 2004) (not precedential) (citing cases denying leave to amend following summary judgment arguments).

In the present case, summary judgment motions have not been filed, the final pretrial order has not been entered, and no trial date has been set. Furthermore, while a four-month delay surely would be difficult for a represented party to explain, here the plaintiff is pro se, and he made clear his intention to name these actors and repeatedly sought their identities.

According to defendant Riley's assertions, plaintiff received the names of the extraction team members in December 2004. (See Defendant Riley's Affidavit in Opposition to Plaintiff's Notice of Motion to Amend Complaint at 2.) Although it is unclear exactly when plaintiff received all of the names of the defendants he now seeks to add, it appears that Riley's discovery disclosures dated December 16, 2004 did not contain the names of any Internal Affairs officer

allegedly involved in matters arising out of the incident in question.  (See Incident Reports appended to Defendant Riley's Affidavit in Opposition to Plaintiff's Notice of Motion to Amend Complaint.)  Furthermore, plaintiff asked defendants for the names of the Internal Affairs officers involved, and it appears that plaintiff did not receive this information until April 2005.[1]  While his attempts to discover this information were sometimes imperfect, nothing in the record shows the timing of motion is intentionally dilatory or the result of lack of diligence.

Furthermore, plaintiff is not asserting a new theory of liability; he merely seeks to add the names of defendants whose identity he did not previously know.  Given plaintiff's allegations, which directly involve members of the extraction team and Internal Affairs officers, and plaintiff's designation of the unknown defendants as "John Does" in the Complaint, the proposed defendants should have been on notice that they would be named in this lawsuit.  Therefore, the risk that defendants were prejudiced by the timing of this amendment is diminished.  Moreover, given the limited amendment, allowing the Amended Complaint to be filed will not place an unwarranted burden on the Court or the parties.[2]

For all the foregoing reasons, the present case presents no "undue delay."

**C.     Futility**

Both the defendants and the County assert that plaintiff's proposed amendments fail to state a cause of action.  A court may deny a motion to amend "where the amendment would not withstand a motion to dismiss."  Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  Here, plaintiff does not alter his substantive claims nor does he assert new claims; he merely seeks to add the real names of previously unidentifiable defendants who plaintiff implicated in his original Complaint.[3]  The defendants, by pointing to a videotape in support of

---

[1] It appears to the Court that plaintiff did not receive the name(s) of the Internal Affairs officer(s) because plaintiff sought to compel defendants to respond to interrogatories and document requests seeking, among other things, the names of the Internal Affairs officers involved.  (See Letters of Plaintiff Nadir Baptiste dated March 9 and March 15, 2005.)  The fact that the Court denied plaintiff's April 16, 2005 repeated request to compel defendants as moot in light of defendants' April responses to the interrogatories and document requests, see Order on Informal Application dated May 2, 2005, and that plaintiff did not renew his request, suggests that these responses contained the name(s) plaintiff sought.

[2] When these new defendants are served and file responsive pleadings, the Court will entertain a request to set new discovery deadlines to address discovery involving the new defendants.  Absent a request from the parties, all deadlines set forth in the Order dated March 22, 2005 shall remain in full force and effect.

[3] In proceedings in forma pauperis, a court will dismiss a case at any time if the court determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on

their futility claim, ask the Court to look beyond the pleadings to find that the plaintiff failed to state a cause of action. When asked to deny a motion to amend based upon futility, the Court examines the claim using the standard under Federal Rule of Civil Procedure 12(b)(6), which requires a court to accept the allegations as true and to not look beyond them. Thus, the Court cannot consider matters outside of the pleadings at this stage and the existence of a videotape could not be considered. Finally, to the extent the defendants ask the Court to find that the plaintiff was attempting to dictate prison policies, this alone is not sufficient reason to conclude he has failed to state a claim regarding the physical contact between plaintiff and the extraction team. Whether or not the evidence will show a violation, however, is left for another day.

## CONCLUSION

For all of the foregoing reasons, plaintiff's request for leave to file an amended complaint is granted. A separate order will issue.

**SO ORDERED.**

s/ PATTY SHWARTZ
United States Magistrate Judge

---

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (1996). Nearly identical standards apply in a court's early review of civil actions involving prisoners that seek redress from a governmental entity or an officer or employee of that entity. See 28 U.S.C. § 1915A(b) (1996). In granting plaintiff's request to proceed in forma pauperis, the Court has already determined that, under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), dismissal was not required at that stage of the proceedings. (Order dated July 22, 2004.)